IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50053
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ARTURO DOMINGUEZ-BAEZA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-98-CR-763-ALL-DB
--------------------

September 8, 1999

Before POLITZ, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Arturo Dominguez-Baeza (Dominguez) appeals his jury
conviction for importation of marijuana and possession with
intent to distribute marijuana.  Dominguez argues that the
district court's denial of his challenges for cause during jury
selection and his subsequent motion for new trial (based upon the
same ground) deprived him of his right to an impartial jury and
his right to exercise his peremptory challenges intelligently.

    We have reviewed the record and the briefs of the parties

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

and conclude that the district court did not abuse its discretion by overruling Dominguez's challenges of Raul Mendoza, Irma Pier, Eva Ponce, Andy Saucedo, and Raju Shah for cause. United States v. Hall, 152 F.3d 381 (5th Cir. 1998), cert. denied, 119 S. Ct. 1767 (1999). We further conclude that the district court's statements during voir dire did not chill the candor of the prospective jurors or prevent Dominguez from learning whether the prospective jurors would follow a presumption of innocence instruction. United States v. Rowe, 106 F.3d 1226 (5th Cir. 1997); United States v. Shannon, 21 F.3d 77 (5th Cir. 1994).

Finally, Dominguez argues that the district court abused its discretion when it implicitly denied his motion for new trial. We have reviewed the record and there is no abuse of discretion. United States v. Doke, 171 F.3d 240, 246 (5th Cir. 1999).

AFFIRMED.